IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY RAY COLEMAN, | No. C 11-6290 LHK (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | |
| ERICA ULSHOEFFER and ANDRE COMBS, | |
| Defendants. | |

Plaintiff, an inmate at Maguire Correctional Facility, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis is granted in a separate order. For the reasons stated below, the Court dismisses the complaint with leave to amend.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.LHK\CR.11\Coleman290dwla.wpd

1  § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*
2  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).
3        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
4  claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
5  statement need only "'give the defendant fair notice of what the . . . claim is and the grounds
6  upon which it rests.'"" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
7  Although in order to state a claim, a complaint "does not need detailed factual allegations, . . . a
8  plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than
9  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
10 do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."
11 *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A
12 complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*
13 at 1974.
14       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
15 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
16 the alleged violation was committed by a person acting under the color of state law. *See West v.*
17 *Atkins*, 487 U.S. 42, 48 (1988).
18 B.    <u>Legal Claims</u>
19       In his complaint, Plaintiff alleges that Andre Combs murdered Plaintiff's wife, Kimberly
20 Renee Johnson. Plaintiff is attempting to sue Combs for wrongful death. Plaintiff also names
21 Erica Ulshoeffer as a Defendant, alleging that she is committing fraud, theft, and forgery by
22 taking all of Plaintiff's deceased wife's property, money, and assets.
23       Plaintiff has failed to allege that either Defendant is a person acting under the color of
24 state law. A person acts under color of state law if he "exercise[s] power possessed by virtue of
25 state law and made possible only because the wrongdoer is clothed with the authority of state
26 law." *West v. Atkins*, 487 U.S. at 49 (citation and internal quotation marks omitted). Generally,
27 a public employee acts under color of state law while acting in his official capacity or while
28

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.LHK\CR.11\Coleman290dwla.wpd

1  exercising his responsibilities pursuant to state law. *See Johnson v. Knowles*, 113 F.3d 1114,
2  1117 (9th Cir. 1997). A private individual does not act under color of state law, an essential
3  element of a § 1983 action. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private
4  conduct, no matter how wrongful, is not covered under Section 1983. *See Ouzts v. Maryland*
5  *Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974). Simply put: There is no right to be free from
6  the infliction of constitutional deprivations by private individuals. *See Van Ort v. Estate of*
7  *Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). However, Plaintiff will be given an opportunity to
8  amend his complaint, and set forth facts sufficient to demonstrate that Defendants were acting
9  under the color of state law, if he can do so in good faith.

   Accordingly, Plaintiff's complaint is DISMISSED with leave to amend.

## CONCLUSION

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above. The amended complaint must include the caption and civil case number used in this order (C 11-6290 LHK (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint within thirty days and in accordance with this order will result in dismissal of this action.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.LHK\CR.11\Coleman290dwla.wpd

3

1 | of Civil Procedure 41(b).
2 |     IT IS SO ORDERED.
3 | DATED: 4/9/12
4 |

LUCY H. KOH
United States District Judge